**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.12-CV-02021-WJM-CBS

**RONALD MUKASA MAITEKI**,

     Plaintiff,

v.

**MARTEN TRANSPORT, LTD.
KNIGHT TRANSPORTATION INC.
SWIFT TRANSPORTATION  CO. OF ARIZONA LLC.**

    Defendants.

---

**SCHEDULING ORDER**

---

**1.     DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

    The Scheduling Conference in this matter was held January 29, 2014 at 9:15 AM.  In

attendance were:

| | |
|---|---|
| Andrew Nyombi | William A. Wright |
| The Nyombi Bethesda Law Firm | Sherman & Howard L.L.C. |
| P.O box 30877 | 633 17th Street, Suite 3000 |
| Bethesda, MD 20824 | Denver, CO 80202 |
| 1-800 250 7923 | 303 297 2900 |
| Attorney for Plaintiff | Attorney for Swift Transportation of |
| | Arizona, LLC |
| Stephen A. DiTullio | |
| John C. Gardner | Paul E. Collins |
| DeWitt Ross & Stevens S.C. | Treece Alfrey Musat, PC |
| 2 East Mifflin Street # 600 | 999 18th Street South Tower, Suite 1600 |
| Madison, WI 53703 | Denver, CO 80202 |
| 608 255 8891 | 303 292 2700 |
| Attorneys for Marten Transport, Ltd. | Attorney for  Knight Transportation Inc. |

EMPLOY/1089529.1

## 2.      STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 and § 1367.  Plaintiff asserts that jurisdiction of the Federal District Court is based on diversity of citizenship pursuant to 28. U.S.C 1332.

## 3.      STATEMENT OF CLAIMS AND DEFENSES

### a.      Plaintiff

Claims Against Marten

(i)      The Plaintiff has a Fair Credit Reporting Act Claim Against Marten for Failure to conduct a reasonable investigation upon being notified of a dispute.

(ii)      A claim for Defamation based on the premise that Marten submitted to Hire right a false report stating that the plaintiff had been involved in a truck driving accident which resulted in the plaintiff being denied employment by six truck driving companies

(iii)      A claim for intentional infliction of emotional distress rooted in the fact that Marten's outrageous conduct and repeated failure to conduct a reasonable investigation resulted into the plaintiff suffering emotional pain, distress and depression.

Claim Against Swift

(i) A Fair Credit Reporting Act Claim for failure to conduct a reasonable investigation after being notified of a dispute on a credit report they had submitted to Hire right. As a result plaintiff was denied employment by  ten (10) truck driving companies.

Claim Against Knight Transport

EMPLOY/1089529.1

(i) A Fair Credit Reporting Act Claim for failure to conduct a reasonable investigation after being notified of a dispute on a credit report they had submitted to Hire right. Consequently, the plaintiff was denied employment by ten (10) truck driving companies.

### b.      Defendants

**Marten**

Defendant Marten Transport, Inc. ("Marten"), denies that it violated the Fair Credit Reporting Act ("FCRA"), defamed Plaintiff in any manner, or intentionally inflicted emotional distress on Plaintiff. Marten submitted accurate information concerning Plaintiff's driving record to HireRight, Inc. ("HireRight"), including that Plaintiff had been observed violating applicable speed limits on several occasions. Marten subsequently conducted a reasonable investigation into Plaintiff's driving record after receiving notification that Plaintiff had challenged the accuracy of the information Marten had submitted to HireRight. This investigation reflected that the information Marten had initially submitted was true and accurate. For these reasons, Marten believes that each of Plaintiff's claims against it will fail.

Moreover, Marten believes that one or more of Plaintiff's claims will also fail for several other reasons. These include, but are not limited to, the following

- Plaintiff's FCRA claim will fail because the information Marten submitted to HireRight does not qualify as a consumer report or credit information pursuant to federal law. Indeed, Marten submitted the information in compliance with applicable Department of Transportation ("DOT") regulations and/or other state or federal laws, not for the purposes outlined under the FCRA.

3

- Plaintiff's claims for defamation and intentional infliction of emotional distress are preempted by and/or privileged pursuant to applicable law.  In particular, DOT regulations require Marten to provide information about certain driving-related incidents and violations and permit Marten to provide information about other incidents and violations.

- Marten is immune from liability with respect to one or more of his claims as a result of Colo. Rev. Stat. § 8-2-114, which specifically extends immunity to employers that provide employment-related information relating to former employees under certain circumstances.

- Plaintiff has failed to join a necessary party, HireRight.  Indeed, to the extent that Plaintiff suffered any damages (which Marten denies), HireRight may bear some liability for failing to contact Marten to report a dispute, or for some other action or omission.

- On information and belief, Plaintiff failed to mitigate the damages he purportedly suffered in several respects, including by failing to make a reasonable attempt to find comparable employment following his resignation from Marten.

Marten also incorporates herein each of the other affirmative and/or additional defenses it asserted in its Answer to Amended Complaint and Affirmative Defenses.

**Swift**

Defendant Swift Transportation ("Swift") denies that it provided false, misleading, inaccurate, or incomplete information to HireRight at any time concerning Plaintiff Maiteki. Swift further denies that it failed to make a reasonable investigation regarding any inquiry it

4

received concerning Plaintiff.   Swift denies that any of its conduct caused other trucking companies to deny Plaintiff employment or caused Plaintiff any damages.   To the contrary, subsequent companies hired Plaintiff after he voluntarily resigned from employment with Swift Transportation in March of 2007, including, but not limited to, co-defendants Marten Transport and Knight Transportation.

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff does not allege any basis for Swift to have concluded the information provided to HireRight regarding the February 7, 2007 collision was inaccurate, incomplete, or unverifiable. Plaintiff does not allege facts to support the claim that Swift did not reasonably investigate the claim. The mere fact that Plaintiff disagreed with the results of Swift's investigation does not mean that the investigation was unreasonable.

Plaintiff's FCRA claim is barred by the statute of limitations.  Plaintiff does not allege a communication between HireRight and Swift in 2012.   Plaintiff's claim against Swift fails because Plaintiff did not satisfy the conditions precedent to suit, including his failure to bring a timely objection to a consumer report through the credit reporting agency.  Swift conducted a reasonable investigation into any dispute brought to its attention concerning its report on Plaintiff's employment history and driving record.

Plaintiff's claim against Swift is barred by the failure of HireRight to bring to the attention of Swift a dispute concerning the accuracy of Swift's report on Plaintiff's employment history and driving record. Additionally, Plaintiff's claim is barred by his failure to provide information from which Swift could determine that the reported information was false.

EMPLOY/1089529.1

Swift has acted at all times reasonably, in good faith, and without malice or negligence. Swift has not willfully failed to comply with any requirement imposed on it by law. The information that Swift reported to HireRight regarding the disputed February 7, 2007 collision was truthful to the best of Swift's knowledge and was supported with written documentation. Given this documented support, Swift acted reasonably, in good faith, and without malice or negligence, when it reported the collision to HireRight and when it subsequently determined the reported information to be correct.

Department of Transportation (DOT) regulations require Swift to provide information about certain accidents and permit Swift to provide information about other accidents. Consequently, Swift's report concerning Plaintiff's employment history and driving record is privileged.  In addition, other trucking companies must investigate Plaintiff's driving record when offering him employment.  The HireRight report at issue was made to employers in connection with an investigation in compliance with federal, state, local laws and regulations and not for the purpose of investigating Plaintiff's creditworthiness, credit standing or credit capacity.  The HireRight report at issue therefore is not a consumer report and Swift's report to HireRight was not credit information for purposes of the FCRA.

Plaintiff has failed to join a necessary party.  Plaintiff failed to join HireRight, Inc.  If Plaintiff suffered damages, HireRight may bear some of the liability if it failed to contact Swift of an alleged new inquiry.

Plaintiff's damages, if any, are proximate result of acts or omissions, negligent or otherwise, of third persons over whom Swift exercised no control and for whose acts or

omissions Swift is not responsible, including Plaintiff, HireRight, co-defendants and other trucking companies.

On information and belief, Plaintiff failed to mitigate his damages, if any. Plaintiff alleges that he resigned from continuing employment and left the country on more than one occasion.

On information and belief, Plaintiff has no reason to assert that HireRight communicated with Swift in 2012 and therefore brings the claim against Swift in bad faith and/or for purposes of harassment. Consequently Swift is entitled to its attorney fees.

Swift also incorporates herein each of the other affirmative and/or additional defenses it asserted in its Answer to Amended Complaint.

**Knight.** Defendant denies that it provided false or inaccurate information to Hire Right at anytime concerning Mr. Maiteki. Defendant generally denies all material allegations and claims remaining in the single claim against Knight Transportation. Defendant further asserts that other companies have hired Mr. Maiteki after he voluntarily left employment working for Knight Transportation in 2008.

1.     Defendant asserts that the Plaintiff's claim for relief is barred by the applicable statute of limitations.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     The Hire Right report at issue in subject of the dispute was not a consumer report and Knight's report of information was not credit information for purposes of the Fair Credit Reporting Act.

4.     Information set forth and provided by Knight Transportation was privileged.

5.      Information provided by Knight Transportation was subsequently truthful.

6.      The Hire Right report of issue in this dispute was made to employers in connection with an investigation in compliance with federal, state, local laws and regulations and not for the purpose of investigating Plaintiff's creditworthiness, credit standing or credit capacity.

7.      Plaintiff failed to timely object to the report through the appropriate credit reporting agencies.

8.      Knight acted at all times reasonably and in good faith without malice or negligence.

9.      Knight conducted a reasonable investigation to any dispute brought to its attention concerning a report of Plaintiff's employment history and driving record.

10.     Knight has not willfully failed to comply with any requirement imposed on it by law.

11.     Plaintiff's claim against Knight is barred by the failure of Hire Right to bring to the attention of Knight the dispute concerning the accuracy of Knight's report of Plaintiff's employment history and driving record.

12.     Plaintiff's claim is barred by the Plaintiff's failure to provide information upon which Knight could determine whether or not the information provided was not accurate.

13.     Plaintiff failed to mitigate his alleged damages, if any.

14.     Plaintiff has failed to join the necessary party.

15.     Plaintiff's damages may be the proximate acts or omissions of third persons over whom Knight is not in control or has a right to control.

16.     Plaintiff's claims against Knight are barred under Colo. Rev. Stat. § 8-2-114.

17.     Knight is immune from civil Liability for Plaintiff's claims for defamation and/or the intentional infliction of emotional distress pursuant to Colo.Rev.Stat. §8-2-114.

Defendant Knight has enclosed its claims and defenses.

### 4.     UNDISPUTED FACTS

1.     Plaintiff was employed by each of the three defendants.

2.     Plaintiff was employed by Swift beginning November 2006 through March 2007. After his employment, Swift submitted a Drive-A-Check report to HireRight Inc. about Plaintiff's employment record.

3.     Plaintiff was employed by Knight Transport from March 2007 through May 2008. After his employment, Knight submitted a Drive-A-Check report about his employment history and record to HireRight Inc.

4.     Plaintiff was employed by Marten Transport from March 2011 up until December 2011. After his employment, Marten submitted a Drive-A-Check report to HireRight Inc about Plaintiff's driving record during his employment with Marten.

### 5.     COMPUTATION OF DAMAGES

The plaintiff seeks monetary damages to compensate him for the losses suffered due to the harm caused by the each of the defendants.

Punitive damages from each of the defendants which go beyond the actual damages to act as exemplary damages for each of the defendant's egregious conduct of repeatedly failing to conduct a reasonable investigation upon being notified of a dispute to the Credit report they had

EMPLOY/1089529.1

submitted to Hire right. This will also deter the defendant and similar others from engaging in such outrageous misconduct again as people's livelihoods are at stake.

Non-economic damages from each of the defendants individually for the pain, suffering, outrageous   conduct and inconvenience caused to the plaintiff.

Any other remedy that the court deems fit and proper based on the circumstances of the case.

**Marten Transport, Ltd.**

Monetary damages for Marten  worth $75,000 based on loss of wages and earning capacity.

Punitive damages worth $30,000

Non-economic damages worth $25,000

Any other remedy that the court deems fit and proper

**Swift Transportation Co. of Arizona LLC**

Monetary Damages for Swift worth $30,000

Punitive damages worth $30,000

Non-economic damages worth $20,000

Any other remedy that the court deems fit and proper

**Knight Transportation Inc.**

Monetary Damages for Swift worth $30,000

Punitive damages worth $30,000

Non-economic damages worth $20,000

Any other remedy that the court deems fit and proper.

### 6.    REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.    Date of Rule 26(f) Meeting: January 8, 2014

   b.  Names of each participant and party he or she represented.

Plaintiff Ronald Mukasa Maiteki represented by Andrew Nyombi, Nyombi Bethesda Law firm.

Marten Transport, Ltd., represented by John C. Gardner, DeWitt Ross & Stevens S.C.

Swift Transportation of Arizona, LLC represented by William Wright, Sherman & Howard, LC

Knight Transportation Inc. represented by Paul E. Collins, Treece Alfrey Musat, P.C

   c.  Statement as to when Rule 26(a)(1) disclosures were made: January 22, 2014.

   d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

   e.  Statement concerning any agreements to conduct informal discovery: None.

   f.  Statement concerning any other agreements to reduce discovery and litigation costs:  The parties have agreed to use a unified exhibit numbering system.  The parties have discussed cooperation in obtaining documents from HireRight, Inc.  The parties will discuss on a case-by-case basis the possibility of conducting depositions telephonically to reduce the costs of travel.

   g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The parties do not anticipate that the claims or defenses will involve extensive discovery of electronically stored information.

   h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have exchanged settlement offers.

### 7.    CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.    DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.  Plaintiff requests five (5) depositions from each of the Defendants, including document custodians and employees.

b.    Limitations which any party proposes on the length of depositions:  None, other than those contained in the applicable rules.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission: 25 interrogatories per party.

d.    Other Planning or Discovery Orders.  The parties anticipate seeking protective orders to protect the personal information of third parties – such as other employees of the Defendants.

### 9.    CASE PLAN AND SCHEDULE

a.    Deadline for joinder of Parties and Amendment of Pleadings: March 14, 2014.

b.    Discovery Cut-off: July 28, 2014.

c.    Dispositive Motion Deadline: August 26, 2014

d.    Expert Witness Disclosure.

1.    The parties identify the following anticipated fields of expert testimony: emotional distress damages; mitigation of damages; vehicle/truck accident reconstruction and reporting, standards for reasonable investigations under the Fair Credit Reporting Act; use of credit reports under Department of Transportation regulations.

2.　　Limitations which the parties propose on the use or number of expert witnesses.  Plaintiff proposes to have up to five (5) expert witnesses.  Defendants suggest three (3) expert witnesses per party, excluding rebuttal expert witnesses.

3.　　The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before June 15, 2014.

4.　　The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before July 15, 2014.

e.　　Identification of Persons to Be Deposed

Plaintiff: 7 hours.

Representatives of each Defendant: 4 hours each.

Representatives of trucking firms alleged to have denied Plaintiff employment, 4 hours each.

Representative from HireRight Inc.; 4 hours

f.　　Deadline for Interrogatories: Thirty-three (33) days before the Discovery Cut-Off.

g.　　Deadline for Requests for Production of Documents and/or Admissions: Thirty-three (33) days before the Discovery Cut-Off.

## 10.　　DATES FOR FURTHER CONFERENCES

a.　　Status conferences will be held in this case at the following dates and times:

_____

EMPLOY/1089529.1

b.      A final pretrial conference will be held in this case on _____ at

_____.  A Final Pretrial Order shall be prepared by the parties and submitted to the court

no later than seven (7) days before the final pretrial conference.

## 11.      OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a

good faith effort were unable to reach an agreement.  None.

b.      Anticipated length of trial and whether trial is to the court or a jury:  Plaintiff

anticipates a trial of six (6) days.  Trial will be by Jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more

efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/ Fedral Building, 402 Rood

Avenue, Grand Junction, Colorado; or the U.S. Courthouse/ Federal Building, 103 Sheppard

Drive, Durango, Colorado.  None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

EMPLOY/1089529.1

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.    AMENDMENT TO SCHEDULING ORDER

This Scheduling Order may be amended or altered only upon showing of good cause.


Dated at Denver, Colorado this _____day of _____2014



By the Court

_____
Craig B. Schaffer
Magistrate Judge

15

Approved:

s/ Andrew Nyombi
Attorney for Plaintiff
Andrew Nyombi
The Nyombi Bethesda Law Firm
P.O. Box 30877
Bethesda, MD 20824
1-800 250 7923

s/ John C. Gardner
John C. Gardner
Attorney For Marten Transport, Ltd.
DeWitt Ross & Stevens S.C.
2 East Mifflin Street, # 600
Madison, WI 53703
608 255 8891


s/ William A. Wright
William A. Wright
Attorney for Swift Transportation of Arizona, LLC
Sherman & Howard, L.L.C. –Denver
633 17th Street  #3000
Denver, CO 80202
303 297 2900

s/ Paul E. Collins
Paul E. Collins
Attorney  for Knight Transportation Inc.
Treece Alfrey Musat, PC
999 18th Street South Tower, #1600
Denver , CO 80202
303 292 2700

EMPLOY/1089529.1