**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2021-WJM-CBS

RONALD MUKASA MAITEKI,

    Plaintiff,

v.

MARTEN TRANSPORTATION LTD.,
KNIGHT TRANSPORTATION INC.,
SWIFT TRANSPORTATION CORPORATION INC.
HIRE RIGHT, INC.,

    Defendants.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE
AND CONSOLIDATING CASES**

---

Plaintiff Ronald Mukasa Maiteki ("Plaintiff") brought the above captioned action against three of his former employers, Marten Transportation LTD, Knight Transportation, Inc., and Swift Transportation Corporation Inc., as well as Hire Right, Inc., a company that collects data on the driving records of commercial drivers (collectively "Defendants"). (ECF No. 108.) Plaintiff alleges that Defendants falsely reported accidents to his driving record in violation of the Fair Credit Reporting Act (the "Initial Action"). (*Id*.) Plaintiff seeks a declaratory judgment ordering Defendants to correct his driving record, and damages for lost wages, pain and suffering, and punitive damages. (*Id*.) The Initial Action is in the middle of discovery, with most of the substantive deadlines still outstanding. (*See* ECF Nos. 99 & 131.)

On July 11, 2014, Plaintiff filed a new civil action against Voyager Express, Inc. ("Voyager") alleging that Voyager failed to hire Plaintiff as a commercial driver based on the false accidents which were reported by Defendants (the "Voyager Action"). (*See* Case No. 1:14-cv-1939-WJM-KMT, ECF No. 1.)  In addition to claims under the Fair Credit Reporting Act, Plaintiff brings a claim against Voyager for intentional infliction of emotional distress, and seeks statutory, actual, general, compensatory, and punitive damages.  (*Id*.)  Voyager recently filed its responsive pleading, and a scheduling conference is set for October 14, 2014.  (ECF Nos. 10 & 22.)

Shortly after the Voyager Action commenced, the Court issued an Order to Show Cause as to why the two cases should not be consolidated.  (ECF No. 140; Case No. 1:14-cv-1939-WJM-KMT, ECF No. 17.)  For the reasons set forth below, the Court makes the Order to Show Cause absolute, and directs that the Voyager Action be consolidated with the Initial Action.

## I.  LEGAL STANDARD

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a)(2).  Under this rule, a district court may consolidate related cases *sua sponte*.  *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched

with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)).

## II. ANALYSIS

After its initial review of the pleadings, the Court preliminarily determined that there were common questions of law and fact, and ordered the parties to show cause as to why the cases should not be consolidated. (ECF No. 140; Case No. 1:14-cv-1939-WJM-KMT, ECF No. 17.) Defendants in both the Initial Action and the Voyager Action are in favor of consolidation, arguing that if the cases are not consolidated, they will be prejudiced because Plaintiff may be permitted to recover twice for certain categories of damages. (ECF No. 144 at 2.) Specifically, in both cases, Plaintiff seeks lost wages and damages for pain and suffering for the same time period. If the cases are allowed to proceed separately, two juries could award Plaintiff damages for the same injuries, which the Court cannot permit.

Plaintiff opposes consolidation on the grounds that it may delay the Initial Action, which has been pending since August of 2012. (ECF No. 143.) The Court agrees that some delay of the Initial Action may be necessary to permit adequate time to allow Voyager to fully participate in discovery. However, any such delay should be minimal in the overall context of both cases. Even though the Initial Action is over two years old, it is at a relatively early stage of the litigation. Discovery is still ongoing, and Plaintiff has yet to be deposed. (*See* ECF Nos. 131 & 144.)

Having reviewed the pleadings, the dockets of both cases, and considered the

arguments of all parties, the Court finds that consolidation of the two cases is appropriate.  The two cases involve the same nucleus of facts; the Voyager Action is simply a continuation of the Initial Action.  In the Complaint filed in the Voyager Action, Plaintiff candidly admits that he brought that lawsuit as a separate action because the deadline to amend the pleadings and join parties had already passed in the Initial Action.  (Case No. 1:14-cv-1939-WJM-KMT, ECF No. 1.)  Thus, all parties acknowledge the factual overlap between the two actions.  Additionally, Plaintiff brings claims under the Fair Credit Reporting Act in both cases, and seeks similar damages from all Defendants in the two actions.  Thus, consolidation will undoubtedly further judicial economy in that one case will resolve all of the factual disputes related to the reports of Plaintiff's driving record, and the damages such reports have caused.

The Court also finds that fairness to the parties weighs in favor of consolidation.  Any minimal prejudice the Plaintiff may suffer by further delay of the Initial Action is greatly outweighed by the prejudice Defendants and Voyager would suffer if the cases are permitted to proceed separately.  The Court anticipates that the Initial Action will proceed expeditiously and, if anything, consolidation will likely force the Voyager Action to proceed at a quicker pace than if it continued separately, which ultimately benefits Plaintiff.  Accordingly, the Court exercises its authority to *sua sponte* consolidate these actions pursuant to Rule 42(a)(2).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's August 11, 2014 Order to Show Cause (ECF No. 140) is MADE ABSOLUTE;

2. In accordance with the Court's inherent power to control its docket, and in accordance with Federal Rule of Civil Procedure 42(a), the following cases are CONSOLIDATED: Case No. 1:12-cv-2021-WJM-CBS and Case No. 1:14-cv-1939-WJM-KMT;

3. Case No. 1:12-cv-2021 shall be the lead case and all future filings shall be made in this action;

4. A copy of this Order shall be docketed in 1:14-cv-1939-WJM-KMT;

5. Pursuant to D.C.COLO.LCivR 40.1(C)(4)(c), the Clerk is directed to reassign Case No. 1:14-cv-1939 to U.S. Magistrate Judge Craig B. Shaffer; and

6. No later than **September 16, 2014**, Plaintiff shall file a consolidated complaint which includes **all** claims raised in both cases. This consolidated complaint shall become the operative complaint in the consolidated action.

Dated this 2nd day of September, 2014.

BY THE COURT:

William J. Martinez
United States District Judge