~~EXHIBIT A~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

*Case No. 1:12-cv-02021-WJM-CBS*

**RONALD MUKASA MAITEKI,**

       Plaintiff,

v.

**MARTEN TRANSPORT, LTD.,** *et al.*,

       Defendants

*Consolidated With*

*Case No. 1:14-cv-01939-WJM-CBS*

**RONALD MUKASA MAITEKI,**

       Plaintiff,

v.

**VOYAGER EXPRESS, INC.,**

       Defendant

---

## AMENDED FRE 502(D) AND (E) CLAWBACK STIPULATION AND ORDER

---

**WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and

otherwise protected documents, data (including electronically stored information) and

other information, including without limitation, metadata (collectively "Documents"),

against claims of waiver and inadvertent production in the event they are produced

~~EXHIBIT A~~

during the course of this litigation whether pursuant to a Court Order, the Parties'

discovery requests or informal productions.

**WHEREAS**, the Parties may be required to produce large volumes of

Documents.  The Parties wish to comply with discovery deadlines and complete

discovery as expeditiously as possible, while preserving and without waiving any

evidentiary protections or privileges applicable to the information contained in the

Documents produced, including as against third parties and other Federal and State

proceedings, and in addition to their agreement, need the additional protections of

a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, in order to comply with applicable discovery deadlines, a Party may

be required to produce certain categories of Documents that have been subject to

minimal or no attorney review (the "Disclosures").  This Stipulation and Order is

designed to foreclose any arguments that by making such Disclosures, the disclosure or

production of Documents subject to a legally recognized claim of privilege, including

without limitation the attorney-client privilege, work-product doctrine, or other applicable

privilege:

      a.    Was not inadvertent by the Producing Party;

      b.    That the Producing Party did not take reasonable steps to prevent
the disclosure of privileged Documents;

      c.    That the Producing Party did not take reasonable or timely steps to
rectify such Disclosure; and/or,

EXHIBIT A

      d.     That such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS**, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

Accordingly, the Parties hereby **STIPULATE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, joint defense privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

      a.     The Receiving Party shall:

          i.     refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

3

EXHIBIT A

ii.     immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected;

iii.    specifically identify the Protected Documents by Bates number range or hash value; and,

iv.     within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.

To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

b.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described

EXHIBIT A

above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

If, during the course of this litigation, a Party determines it has produced a Protected Document:

a.   The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil

EXHIBIT A

Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

b.  The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 3(b) and 4(a), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

EXHIBIT A

The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

a.    The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

b.    The disclosure of the Protected Documents was not inadvertent;

c.    The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

d.    The Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

Any Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's

EXHIBIT A

order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

This Clawback Stipulation and Order shall not result in extension of any scheduling deadlines or require any party to purge previously submitted documents and request substitute production of documents already produced as of the date of this Order, so long as any privileges were duly waived by the Producing Party as to the same.

Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

DATED at Denver, Colorado, on __October 6_____, 2014.

BY THE COURT:

s/_____
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **EMEJURU & NYOMBI, L.L.C.** | **DEWITT ROSS & STEVENS, P.C.** |
| *s/Andrew Nyombi* | *s/John C. Gardner* |
| Andrew Nyombi | Stephen A. DiTullio |
| Ikechukwu K. Emejuru | John C. Gardner |
| 8403 Colesville Road, Suite 1100 | 2 East Mifflin Street, Suite 600 |
| Silver Spring, MD 20910 | Madison, WI 53703-2865 |
| Telephone: 240.638.2786 | Telephone: 608.255.8891 |
| Facsimile: 800.250.7923 | Facsimile: 608.252.9243 |
| E-mail:  anyombi@enylaw.com | E-mail:  sad@dewittross.com |
|  iemejuru@enylaw.com |  jcg@dewittross.com |
| *Attorneys for Plaintiff Ronald Mukasa Maiteki* | *Attorneys for Defendant Marten Transport, Ltd.* |

| | |
|---|---|
| **TREECE ALFREY MUSAT, P.C.** | **KISSINGER & FELLMAN, P.C.** |
| *s/Carol Lynn Thomson* | *By: /s/ Bobby G. Riley* |
| Carol Lynn Thomson | Bobby G. Riley |
| Paul E. Collins | Richard P. Kissinger |
| 999 18th Street; 1600 South Tower | 3773 Cherry Creek N. Dr., #900 |
| Denver, CO 80202 | Denver, Colorado 80209 |
| Telephone: 303.292.2700 | Telephone: 303-320-6100 |
| Facsimile: 303.295.0414 | Facsimile: 303-327-8601 |
| E-mail:  cthomson@tamlegal.com | Email: bobby@kandf.com |
|  pcollins@tamlegal.com |  rick@kandf.com |
| *Attorneys for Defendant Knight Transportation, Inc.* | *Attorneys for Defendant Voyager Express, Inc.* |

| | |
|---|---|
| **LITTLER MENDELSON, P.C.** | |
| *s/ Chad J. Kaldor* | |
| Chad J. Kaldor | Rod M. Fliegel |
| 21 East State Street, 16th Floor | 650 California Street, 20th Floor |
| Columbus, OH 43215 | San Francisco, CA 94108 |
| Telephone: 614.463.4220 | Telephone: 415.439.6253 |
| Facsimile: 614.573.7972 | Facsimile: 415.743.6557 |
| E-mail:  ckaldor@littler.com | E-mail:  rfliegel@littler.com |
| | |
| Daniel M. Combs | |
| 1900 16th Street, Suite 800 | *Attorneys for Defendant HireRight, Inc.* |
| Denver, CO 80202 | |
| Telephone: 303.299.6200 | |
| Facsimile: 303.299.0200 | |
| E-mail:  dcombs@littler.com | |