**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

***Civil Action No. 12-cv-02021-WJM-CBS***

RONALD MUKASA MAITEKI,

Plaintiff,

v.

MARTEN TRANSPORT LTD,

**Defendant**

***Consolidated With***

***Civil Action No. 14-cv-01939-WJM-CBS***

RONALD MUKASA MAITEKI,

Plaintiff,

v.

VOYAGER EXPRESS, INC.,

**Defendant**

---

**PLAINTIFF'S EXPEDITED MOTION TO BAR ADMISSION OR STRIKE AS UNTIMELY PRODUCTION OF EVIDENCE OR TO FOR LEAVE TO FILE A SURREPLY**

---

**COMES NOW** Plaintiff Ronald Mukasa Maiteki, by and through his Attorneys Emejuru & Nyombi L.L.C, and a motion to the Court to bar admission or strike as untimely the production of SpeedGauge Invoices Dkt.236-12 filed as an attachment to

Marten's reply brief in support of its motion for summary judgment (Dkt. No. 236) and award sanctions or in the alternative to grant leave to file a surreply to this strange item of evidence pursuant to Federal rules of Civil Procedure 26(e), 37(C), 16(b) and D.C. COLO LCivR 7.1(d), and 37.1. The grounds on which this motion is based are contained in the accompanying memorandum in support of this motion. Briefly for his motion Plaintiff avers as follows;

1. On September 18, 2014, the Court held a Rule 16(b) Scheduling and Status Conference for the current consolidated case.
2. The Court set the deadline for completion of all fact witness discovery to March 11, 2015 (See, Dkt.No.200).
3. The Court set the dispositive motions deadline to May 8, 2015.
4. Pursuant to Fed. R. Civ. P.16(b)(4) parties are required to get the Judge's Consent before they can modify a scheduling Order.
5. Marten made its Fed.R.Civ.P. 26(a)(1)(A) disclosures on January 22, 2014.
6. Fed.R.Civ.P. 26(e) requires a party to supplement its disclosures or response to a discovery request in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by Court.
7. Pursuant to the Federal Rules of Civil Procedure 33, 34 and the Scheduling Order in this case any responses to any party's discovery requests were due 33 days.

8. Plaintiff sent out its Interrogatories and Requests for Production to Marten on April 23, 2014. Marten responded to the same on June 2, 2014. Plaintiff Subsequently sent out a second set of Requests for Production which Marten responded to on January 9, 2015 .

9. Under Fed.R.Civ.P. 37 (c), If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

10. On May 7, 2015, Marten filed a Motion for summary Judgment on two of Plaintiff's remaining claims (See, Dkt.No.220).

11. On May 28, Plaintiff responded with a brief in opposition to Marten's motion (See, Dkt.No.229).

12. On June 11, 2015, Marten replied to Plaintiff's brief in opposition (See, Dkt.No.236).

13. In Marten's brief in reply, Marten introduced a new strange species of evidence that it had not produced before during discovery or even referred to.Dkt.No.236-12 contained SpeedGauge invoices from Marten which were produced in support of the declaration of Kathy Degenhardt (Dkt.No.236-11).

14. The SpeedGauge invoices were submitted after the discovery cut-off date and the dispositive motions deadline and surprised Plaintiff.

15. The offending invoices occasion prejudice in plaintiff's preparation of his case and have an adverse impact. These documents were responsive to Plaintiff's discovery requests but were not produced to Maiteki before the discovery cut-off date thus Marten is abuse of its discovery duties.

16. Defendant Marten has not offered any factual or legal justification for why the mandatory exclusion of all evidence subject to this motion to strike, pursuant to Fed.R.Civ.P 37 (c ) should not apply.

17. Defendants' untimely introduction of this evidence-particularly in light of their unpersuasive explanations for doing so - smacks of unfair and improper gamesmanship that this Court should not countenance.

18. The Court should not countenance Marten's failure to comply with the scheduling order deadlines, which is behavior this Court is not eager to encourage.

19. Plaintiff in the alternative prays that the Court grant him leave to surreply to Marten's reply brief in support of its motion for summary Judgment to address the new issues raised in Martens reply brief specifically the new SpeedGauge items of evidence.

20. Plaintiff prays that the Court grant him attorneys fees for the injury resulting from introduction of this new item of evidence and his having to contend with the consequences for Marten's untimely disclosure of this evidence.

21. Pursuant to D.C.COLO.LCivR 6.1(b), this is the only motion to strike the offending SpeedGauge receipts that has been made.

22. Pursuant to D.C.COLO.LCivR 7.1.A, Counsel of record have conferred extensively via electronic mail before filing this motion. At the core of Marten's weighty response was that they will oppose this motion.

23. WHEREFORE, Plaintiff prays that the Court grant this motion and the requested sanctions against Marten striking the SpeedGauge Invoices, grant him attorneys fees attendant to his having to file this motion and the suffer the consequences of Marten's failure to disclose or in the alternative enter an order granting him leave to surreply.

24. Respectfully submitted and dated this 17th day of June , 2015.

By:*/s/Andrew Nyombi*
ANDREW NYOMBI ESQ
IKECHUKWU EMEJURU, ESQ
Emejuru & Nyombi L.L.C.
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Tel: (240) 638-278
Fax: 1 800 250 7923
anyombi@enylaw.com
imejuru@enylaw.com.
*Attorneys for Plaintiff Ronald Mukasa Maiteki*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2015, I electronically served the foregoing with the Clerk of Court via CM/ECF which shall notify counsel of record in the above captioned consolidated action at the e-mail addresses below:

Anthony L. Converse [aconverse@allen-vellone.com]
Patrick D. Vellone [pvellone@allen-vellone.com]
Jennifer E. Schlatter [jschlatter@allen-vellone.com]
*ATTORNEYS FOR DEFENDANT VOYAGER EXPRESS, INC.*

Stephen A. DiTullio, Esq. [sad@dewittross.com]
John Charles Gardner, Esq. [jcg@dewittross.com]
Wiley E. Mayne, Jr., Esq. [wmayne@hollandhart.com]
Bradford J. Williams, Esq. [bjwilliams@hollandhart.com]
*ATTORNEYS FOR DEFENDANT MARTEN TRANSPORT, LTD.*

*/s/Andrew Nyombi*__